CROWLEY v. MEUER.

(Supreme Court, Appellate Term. April 8, 1911.)

1. TRIAL (§ 109*)—OPENING STATEMENT—DISMISSAL.
 On motion to dismiss on plaintiff's counsel's opening, the opening should be construed favorably to plaintiff.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 307; Dec. Dig. § 109.*]

2. PRINCIPAL AND AGENT (§ 72*)—CONVERSION BY AGENT—REFUSAL TO PAY OVER MONEY.
 Defendant having received money as plaintiff's agent to pay it to a designated person, his failure to do so or to return the money on demand was a conversion.
 [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 148, 149; Dec. Dig. § 72;* Trover and Conversion, Cent. Dig. § 70.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Matthew J. Crowley against Jacob Meuer. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Isaac Josephson, for appellant.
McLear & McLear, for respondent.

BIJUR, J. Counsel said in substance that, on the failure of a certain contractor to complete a schoolhouse for the city, sundry subcontractors and other creditors of the contractor united to complete this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
 128 N.Y.S.—42

structure, and plaintiff was designated as the person to collect the money. Defendant, one of the subcontractors, became entitled to a payment, but for some reason, which does not clearly appear, it was necessary that a certain lien be first removed. The lienholder thereupon consented, and did remove the lien, with the understanding that he was to receive $350 out of the payment due to defendant. Thereupon plaintiff paid the defendant $3,000, "on the express condition that he was to pay this $350" to the lienholder. This he did not do, nor would he return the money to the plaintiff.

[1] Even without considering the favorable interpretation to which the opening of counsel is entitled on a motion of the kind at issue here, it must be clear that plaintiff, as trustee of all the creditors, was entitled to and had possession of the money, for the conversion of which the action is brought. [2] Defendant received this money as plaintiff's agent, to pay it to a designated person, and his failure to do so, or to return the money on demand, was a conversion, for which plaintiff was entitled to maintain this action. Britton v. Ferrin, 171 N. Y. 235, 242, 243, 63 N. E. 954.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.